IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LORA L. SCHREIBER, <br><br> Plaintiff, <br><br> vs. <br><br> MOON AREA SCHOOL DISTRICT, <br><br> Defendant, | 2:17-CV-00934-MJH |

## OPINION

Plaintiff, Lora L. Schreiber, ("Schreiber") brings claims of discrimination and retaliation under the Age Discrimination in Employment Act (ADEA), and discrimination and retaliation under the Pennsylvania Human Relations Act (PHRA). (ECF No. 53). Her claims arise from allegations that Defendant, Moon Area School District ("District"), disparately treated her based upon age when it failed to hire her for certain positions, and it retaliated against her after she filed EEOC complaints and this lawsuit.

Pending before the Court is the District's Motion for Summary Judgment. (ECF No. 57). Upon Consideration of the Third Amended Complaint (ECF No. 53); the District's Answer and Affirmative Defenses (ECF No. 56); the District's Motion for Summary Judgment, Brief in Support, and Concise Statement of Material Facts with Appendix (ECF Nos. 57-62); Schreiber's Brief in Opposition, Counter Statement of Facts, and Appendix to Brief in Opposition (ECF Nos. 63-66); the District's Reply Brief and Response to Counter Statement of Facts (ECF No. 69-70); Schreiber's Sur-Reply Brief in Opposition and Supplement (ECF Nos. 74 and 75); and the arguments of counsel, the District's Motion for Summary Judgment will be granted in part and denied in part.

I.     **Standard of Review**

Summary judgment may only be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998). The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

II.    **Standards for Discrimination and Retaliation Claims**

A. **ADEA and PHRA Discrimination Claims**

Schreiber argues that the District discriminated against her based upon her age for several different permanent and long-term substitute teaching positions during the school years,

2013/2014, 2015/2016, 2016/2017, and 2017/2018. The Third Circuit has stated that the same standards should apply under both the ADEA and PHRA. *See Kautz v. Met Pro Corp.*, 412 F.3d 463, 465 (3d Cir. 2005). Under the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Schreiber has the initial burden to establish a prima facie case of age discrimination. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 425-26 (3d Cir.2013). To establish a prima facie case of age discrimination, based on a failure to hire, a plaintiff must show that: (1) she is forty years of age or older; (2) the defendant failed to hire [her]; (3) [she] was qualified for the position in question; and (4) conditions giving rise to an inference of discrimination accompanied the failure to hire [her]. *Landmesser v. Hazleton Area Sch. Dist.*, 574 Fed.Appx. 188, 189 (3d Cir.2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir.2003)). For the purposes of summary judgment, the District concedes that Schreiber will be able to meet her prima facie burden.

Thus, the burden of production shifts to the District "to offer a legitimate, nondiscriminatory reason" for its employment decisions, and, if the District meets this "relatively light" burden, the burden shifts back to Schreiber to present sufficient evidence from which a reasonable jury could conclude that the employment decision was a pretext for discrimination. *Id.*; see also *Fuentes v. Perskie*, 32 F.3d 759 (3d Cir.1994). Despite the burden-shifting procedure, Schreiber retains the burden of persuasion to prove that she was not hired by the District "but for" or "because of" her age. *Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir.2009).

Next, the plaintiff has the burden of persuasion to prove "that the alleged reasons proffered by the defendant were pretextual and that the defendant intentionally discriminated against the plaintiff." *Mil v. Avdel Corp.*, 873 F.2d 701, 706 (3d Cir. 1989) (citing *Texas Dep't of*

3

*Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). To survive summary judgment, the plaintiff "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) (citations omitted). To discredit the employer's articulated reason, the plaintiff need not produce evidence that necessarily leads to the conclusion that the employer acted for discriminatory reasons nor produce additional evidence beyond her prima facie case. S*empier v. Johnson & Higgins*, 45 F.3d 724, 732 (3d Cir.1995); *Fuentes*, 32 F.3d at 764. The plaintiff must, however, point to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons [such] that a reasonable factfinder could rationally find them 'unworthy of credence' " and hence infer that the proffered nondiscriminatory reason "did not actually motivate" the employer's action. *Id*. at 764–65 (quoting *Ezold*, 983 F.2d at 531). To show that discrimination was more likely than not a cause for the employer's action, the plaintiff must point to evidence having sufficient probative force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision. *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1111 (3d Cir.1997).

### B. ADEA and PHRA Retaliation Claims

Schreiber contends that the District retaliated when it failed to hire her for the three school years after she filed her EEOC charges. Under the *McDonnell Douglas* framework, a plaintiff asserting a retaliation claim first must establish a prima facie case by showing "(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or

contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir.2007) (quoting *Fogleman v. Mercy Hosp. Inc.*, 283 F.3d 561, 567–68 (3d Cir.2002)). If the plaintiff makes these showings, the burden of production of evidence shifts to the employer to present a legitimate, non-retaliatory reason for having taken the adverse action. *Id.* If the employer advances such a reason, the burden shifts back to the plaintiff to demonstrate that "the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action." *Id.* (quoting *Moore*, 461 F.3d at 342). Although the burden of production of evidence shifts back and forth, the plaintiff has the ultimate burden of persuasion at all times. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 2106, 147 L.Ed.2d 105 (2000).

The District concedes that Schreiber engaged in protected activities by filing EEOC charges, Pennsylvania Human Relations Commission (PHRC) charges, and in filing this lawsuit, and that she suffered an adverse action by the District. However, the District contends that Schreiber is unable to present evidence of any causal links between the filings of the administrative complaints and/or of this lawsuit and the District's decisions to not hire her. Schreiber argues that this element is demonstrated by the pretextual nature of the District's rationale for denying her the positions. Further, Schreiber argues that the District's decisionmakers knew of her charges and the lawsuit when the District did not hire her for the subsequent positions. The District admits that its purported decisionmakers knew of Schreiber's EEOC charges and of this lawsuit prior to the interviews at issue. (ECF No. 65 at ¶¶ 191-204).

As to causation, the Third Circuit has stated that it considers "a broad array of evidence in determining whether a sufficient causal link exists [for a plaintiff] to survive a motion for

summary judgment." *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 196 (3d Cir. 2015) (citations omitted). To demonstrate a link between protected activity and an employer's adverse action, a plaintiff may rely on the temporal proximity between the two if "unusually suggestive." *Id.* If there is no temporal proximity, the Court considers "the circumstances as a whole, including any intervening antagonism by the employer, inconsistencies in the reasons the employer gives for its adverse action, and any other evidence suggesting that the employer had a retaliatory animus when taking the adverse action." *Id.* As in *Marconi*, the temporal proximity in this case is less straightforward because the time between the protected activities and subsequent interviews was a function of the District's cyclical hiring schedule, based upon the nature of school staffing needs. Thus, the Court must consider each hiring decision in light of the circumstances as a whole in order to assess for a prima facie case.

Once a prima facie case is shown, the burden shifts to consider the legitimate non-retaliatory reasons and pretext analysis. The same standards and analysis under the discrimination claims apply for the retaliation claims. The Court will evaluate both the discrimination and retaliation claims under *McDonnell Douglas* for each of the separate school years.

### III.    Discussion

Lora Schreiber alleges that the District discriminated against her because of her age, and that it retaliated against her because she filed charges with the EEOC and the Pennsylvania Human Relations Commission and because she filed this lawsuit. (ECF No. 64 at ¶ 1). Schreiber asserted four charges against the District for discrimination related to positions for which she applied. *Id.* at ¶ 2. Those charges and positions were as follows:

1. On April 8, 2014, for a 4th grade teacher position and a day-to-day substitute position for the 2013/2014 school year.

6

2. On November 6, 2015, for seven elementary school positions for the 2015/2016 school year.

3. On February 23, 2017, for a full-time kindergarten teacher position for the 2016/2017 school year.

4. On February 7, 2018, for a reading specialist position and for two elementary teacher positions for the 2017/2018 school year.

*Id.*

At the time Schreiber applied for the 2016/2017 school year on July 2016, Schreiber had previously filed an EEOC charge regarding the 2015/2016 school year on November 6, 2015. *Id.* at ¶¶ 2, 328. At the time she applied for the 2017/2018 school year in July 2017, Schreiber had previously filed an EEOC charge regarding the 2016/2017 school year on February 23, 2017. *Id.* at ¶¶ 2, 411. In addition, prior to her interviews for the 2017/2018 school year, the District had notice that Schreiber had filed the within lawsuit. *Id.* at ¶ 413. The District admits that its purported decision makers, Addy, Brown, Johnson, Johns, Ungarean, and Michael Haslett, received notice of the charges and of this lawsuit prior to the 2017/2018 interviews at issue. (ECF No. 65 at ¶¶ 191-204).

### A. First EEOC Charge and 2013/2014 School Year

In her first EEOC Charge, Schreiber asserted that on August 28, 2013, she applied for a substitute teaching position renewal, which was not approved. *Id.* at ¶ 153. Schreiber first worked as a day-to-day substitute for the District during the 2010/2011 school year. *Id.* at ¶¶ 7. She again worked in this capacity during the 2011/2012 school year. *Id.* at ¶ 16. In 2012/2013, she did not work for the District, as she worked for another school district as a long-term substitute. *Id.* at ¶ 21. The District had a practice of purging teachers from the substitute teacher list when the substitute had not worked during the preceding school year. *Id.* at ¶ 155. The

7

Plaintiff has conceded that she is not pursuing any claims based upon the failure to be hired for the day-to-day substitute position. As such, this claim will be dismissed.

In her first EEOC Charge, she also asserted that in September 2013, she was not hired for a fourth-grade teaching position. *Id.* As regards this fourth-grade position, at the beginning of the 2013/2014 school year, Schreiber brought an application packet to the District for this position. *Id.* at ¶ 158. She also requested that a Hyde Elementary teacher deliver her application packet to the principal, Joe Johnson. *Id.* at ¶ 159. In August 2013, she interviewed for this position with Mr. Johnson and Dr. Caroline Johns. *Id.* at ¶¶ 160, 163-64. The District only interviewed applicants, Schreiber and Knicely, for the position. *Id.* at ¶ 178. Schreiber testified that the District told her that it had chosen a candidate with more experience. *Id.* at ¶ 171. The District also asserted that it did not hire Schreiber because her interview and reference scores were lower than the chosen candidate, Bethanie Knicely (age 28 at time of hiring)[1]. *Id.* at ¶ 171-172. Dr. Johns told William Addy, the human resources director at the time, that she and Mr. Johnson felt that Ms. Knicely was "better suited for the position." *Id.* at ¶ 173. While it typically keeps the interview score sheets, the District has been unable to reproduce the same for Schreiber or Knicely. *Id.* at ¶¶ 181-182. Dr. Johns testified that he believed that Ms. Knicely's score would have been higher because the District always hires the person with the highest score. *Id.* at ¶ 183. However, in at least two other instances, the District did not hire the applicant who had the highest scores. *Id.* District witnesses also testified that the District's interview system is subjective. (ECF No. 66-1 at pp. 73-74; ECF No. 66-8 at p. 131; ECF No. 66-9 at p. 115; ECF No. 66-5 at p. 82; ECF No. 66-5 at p. 56; ECF No. 66-2 at p. 104; ECF No. 66-10 at p. 106; ECF

---

[1] Hereinafter, ages will be reflected in parentheticals and reflect the age on the date hired.

8

No. 66-11 at p. 86; and ECF No. 66-7 at p. 69). The interviewers also could not recall specifics from the interviews. (ECF No. 62 at ¶¶ 180, 199)

In articulating its legitimate non-discriminatory reason for not hiring Schreiber as a fourth-grade long-term substitute, the District argues that it hired Bethany Knicely because she had better interview scores and references. Schreiber contends that the District cannot provide a clear and reasonably specific basis for the hiring decision because, without the production of the interview score sheets, it cannot explain why Knicely scored higher than Schreiber. Courts have recognized that poor performance in an interview is a legitimate non-discriminatory reason to decline to hire a particular candidate. *See e.g., Snooks v. Duquesne Light Co.*, 314 Fed.Appx. 499, 505 (3d Cir.2009) (noting that Defendant's preference of a candidate who scored better in an interview was a legitimate non-discriminatory reason); *Thompson v. Bridgeton Bd. of Educ.*, 9 F.Supp.3d 446 (D.N.J.2014) (citing *Carr v. New Jersey*, 534 Fed.Appx. 149, 152 (3d Cir.2013)); *McCann v. Astrue*, 293 Fed.Appx. 848, 852 (3d Cir.2008); *Green v. Potter*, No. 08–597, 2010 WL 2557218, at *5 (D.N.J. June 23, 2010) ("Poor performance in an interview is recognized as a legitimate nondiscriminatory reason for failure to hire or promote."). However, an employer must produce its legitimate nondiscriminatory reason through admissible evidence. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 257 (1981).

Under a pretext analysis, the District's stated reason, that it hired the other candidate, Ms. Knicely, because of higher interview scores, is subject to credibility assessment based upon evidence of instances of hires where the District, for other teaching positions, hired other candidates with lower scores. *See Fuentes, supra.* Further, the District's reasoning is subject to a credibility assessment, given the missing score sheets and the interviewers' inability to recall the scores and specifics of the interview. In *Marconi v. Moon Area Sch. Dist.*, 104 F. Supp. 3d

686 (W.D. Pa. 2015), the court found that the failure of the interviewers to recall specifics from the interviews of the plaintiff raised issues of credibility precluding the entry of summary judgment. *Id.* at 701 (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); See *Hendricks v. Pittsburgh Public Schools*, 2015 WL 540030 (W.D.Pa. Feb. 10, 2015) (citing cases) (failure to recollect creates a jury question); *Bray v. Marriott Hotels*, 110 F.3d 986, 991 (3d Cir.1997) ("An inference of pretext may arise if the plaintiff can raise suspicions with respect to the defendant's credibility."). Accordingly, given the potential credibility issues regarding the proffered legitimate nondiscriminatory reason, a reasonable juror could find pretext in the District's hiring decision with regard to interview scores.

Therefore, the District's Motion for Summary Judgment, as regard Schreiber's Discrimination claim for the fourth-grade long-term substitute teacher position for the 2013/2014 school year, will be denied.

### B. Second EEOC Charge and 2015/2016 School Year

As regards the second EEOC charge, Schreiber alleges that, in June 2015, she applied for an open elementary school teacher position, but she received no response from the District. (ECF No. 64 at ¶ 224). Schreiber maintains that she applied through her June 2015 email to William Addy, HR director and to Curt Baker, superintendent at the time, attaching her cover letter and curriculum vitae. *Id.* at ¶ 225. In that email, she indicated that she had a complete application on file with PA Educator. (ECF No. 66-20). The open elementary school teaching positions for the 2015/2016 were not formally posted, although an email was sent out to District staff to advise of the vacancy. (ECF No. 64 at ¶ 247). In December 2014, the District also conducted a job fair to hire day-to-day substitutes. (ECF No. 66-10 at pp. 14-15). Mr. Addy testified that

10

teachers would also have learned of open positions via word of mouth. (ECF No. 64 at ¶ 248). Mr. Addy testified that after receiving the email, he would have given this information to his administrative assistant and asked her to file it with other unsolicited cover letters and resumes. (ECF No. 64 at at ¶ 237). Mr. Addy testified that he did not consider Schreiber's email as an application because she had not provided a completed standard PA application form which accompanies applications for specific positions posted by the District. *Id.* at ¶ 242. The District hired seven teachers to fill open elementary school positions for the 2015/2016 school year: Suzanne Durham (46), a previous long-term substitute recommended by the administration; Amber Hilbert (28), a previous long-term substitute recommended by the administration; Lindsay Cox (25), a previous long-term substitute recommended by the administration; Marcia Kephart (36), recommended by the administration; Catherine Scanlon (26) recommended by the administration; Amanda Jones (22), recommended by the administration; and Amber Graves (40), recommended by the administration. *Id.* at ¶¶ 261-266. In answers to Interrogatories, the District only identifies three of the seven candidates as having been long-term substitutes with the District. (ECF No. 66-18 at p. 7). Of the last four candidates, who were "recommended by administration," the record does not reflect whether they were or were not former employees of the District or how those candidates became aware of the open positions. No one from the District testified as to the nature, source or method for how the candidates were recommended by the administration. *Id.* Mr. Addy testified that he did not know whether any of the hired individuals had submitted an application. (ECF No. 59-2 at p. 388-398). Mr. Addy also could not independently confirm whether those four hired candidates had worked for the District as long-term substitutes. (ECF No. 64 at ¶ 250).

11

The District contends that Schreiber was not selected for any of the open positions because she did not formally apply for any position that year. As such, the District argues that the Schreiber's failure to apply is a legitimate non-discriminatory reason. Schreiber contends that the District cannot explain why it did not interview her. Furthermore, the District's claim that it did not consider Schreiber because she failed to formally apply raises potential consistency and credibility issues because Mr. Addy testified that he did not know whether any of the hired individuals had submitted applications. (ECF No. 59-2 at p. 388-398).

In *EEOC v. Metal Serv. Co.*, the Third Circuit explained that, "the failure to formally apply for a job opening will not bar a[ ] plaintiff from establishing a prima facie claim of discriminatory hiring, as long as the plaintiff made every reasonable attempt to convey his interest in the job to the employer." *EEOC v. Metal Serv. Co.*, 892 F.2d 341, 348–49 (3d Cir.1990). When a job opening is not posted, courts generally find that a job-seeker's expression of interest is sufficient for application. *McGuffey v. Brink's Inc.*, 558 F. Supp. 2d 565, 570 (E.D. Pa. 2008) (citing *Box v. A & P Tea Co.*, 772 F.2d 1372, 1376–77 (7th Cir.1985); *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 568 (8th Cir.1982)).

Schreiber's June 2015 email with attachments to the District, along with an indication she had completed an online application, presents a potential jury question as to whether her email communication of interest for open positions was an application for Schreiber to be considered for the positions at issue. Such jury determination will concern the plaintiff's prima facie burden in this case.

For purposes of summary judgment, since the defendant presents their motion to challenge the evidence germane to Plaintiff's pretext argument, the Court will assume the email was sufficient to establish a prima facie case of discrimination. Next, the evidence must be

assessed to determine whether the District's articulated reasons for each of its decisions was pretextual. In answers to Interrogatories, the District identifies three of the seven hired positions were filled by long-term substitutes within the District. (ECF No. 66-18 at p. 7). Courts have considered the hiring of internal candidates as sufficient to articulate a legitimate non-discriminatory reason. *See Roberts v. Mercy Catholic Med. Ctr.*, No. CV 16-1894, 2019 WL 1773379 (E.D. Pa. Apr. 23, 2019); *Royster v. Laurel Highlands Sch. Dist.*, 994 F. Supp. 2d 701 (W.D. Pa.), aff'd, 595 F. App'x 105 (3d Cir. 2014); *Johnson v. Rose Tree Media Sch. Dist.*, No. CIV.A.06-3761, 2008 WL 4442662 (E.D. Pa. Sept. 30, 2008). The District maintained a practice of first offering open positions from a pool of long-term substitutes before considering other applicants. (ECF No. 66-19). While these three candidates had prior experience with the District, they still participated in the same interview process as the external candidates. Two of these candidates Amber Hilbert (28) and Lindsay Cox (25) were significantly younger, and thus raise a potential jury question as regards pretext. *See Oransky v. Rite Aid, Inc.*, 2015 WL 732892, at *12 (E.D.Pa. Feb. 20, 2015) (finding pretext based on alleged preferred treatment to three comparators who were between 23–29 years younger than plaintiff). *see also O'Conner v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). As regards the older candidate, Suzanne Durham (46), Schreiber has not produced direct evidence that she was not interviewed for the position because of age. *O'Conner*, 517 U.S. at 312. However, if a jury finds that Schreiber's email constituted an application, entitling her to consideration for any of the positions filled by the three internal candidates, Schreiber's evidence is sufficient to establish a jury question as to pretext. Accordingly, the District's Motion for Summary Judgment, as regards the three internal candidates hired for the 2015/2016 School year, will be denied.

As regards two of the four remaining positions for the 2015/2016 school year, the two hired candidates were ages 36 and 40, relatively close in age to Schreiber. While "[t]he fact that one person in the protected class has lost out to another person in the protected class is … irrelevant, so long as he lost out because of his age," Schreiber has not produced any direct evidence that she was not interviewed for either of these two positions because of her age. *O'Conner*, 517 U.S. at 312. Further, the evidence reflects that these two candidates had recommendations from the administration, which Schreiber lacked. As such, absent interview comparisons, although Schreiber's evidence, germane to pretext, is weak, if the jury finds that her email constituted an application, entitling her to consideration for these two positions, Schreiber's evidence is sufficient to establish a jury question as to pretext for not being considered. Accordingly, the District's Motion for Summary Judgment, as regards the positions filled by Marcia Kephart (36) and Amber Graves (40), will be denied.

As regards the two other teacher hires for the 2015/2016 School year, Schreiber maintains the evidence, that the District hired two individuals approximately twenty years younger than the Plaintiff, and that the District conceded that Schreiber was qualified for those positions, supports Plaintiff's burden to establish pretext and discrimination towards her. Hiring an applicant, who is significantly younger and outside the protected class, may be evidence of discriminatory hiring based upon age. *Oransky,* 2015 WL 732892, at *12 (E.D.Pa. Feb. 20, 2015); *see also O'Conner,* 517 U.S. at 313. Presently, Schreiber has presented evidence that the District hired two teachers, age 22 and 26, who were approximately twenty years younger than her. Therefore, if the jury determines that Schreiber's email was an application, entitling her to consideration, the evidence of these other younger comparators being hired is sufficient to establish a basis for a jury question for whether she was not considered for these positions

because of age. The plaintiff has produced sufficient evidence from which a reasonable juror could find the District's proffered reasons are pretextual. As such the District's Motion for Summary Judgment, as regards these two hires, will be denied.

As regards Schreiber's claim of retaliation for the 2015/2016 school year, the District's claim, that it did not consider Schreiber because she failed to formally apply, raises potential consistency and credibility issues. In addition, Mr. Addy testified that he did not know whether any of these individuals had submitted an application. (ECF No. 59-2 at p. 388-398). Therefore, the District's reasoning that Schreiber failed to submit a proper application raises a jury question as to pretext for the District's legitimate non-retaliatory reasons.

The District's Motion for Summary Judgment, as regards the retaliation claims for the seven other candidates hired for the 2015/2016 School year, is denied.

### C. Third EEOC Charge and 2016/2017 School Year

As regards her third EEOC charge, Schreiber applied for two full-time kindergarten teacher positions for the 2016/2017 school year, but she was not hired. (ECF No. 64. at ¶ 328). Schreiber was selected to interview for these two open kindergarten positions. *Id.* at ¶ 334. At the interview, several elementary school principals asked questions. *Id.* at ¶ 335. The District did not invite Schreiber for a second interview because she did not score as well as other interviewees according to the score sheets. *Id.* at ¶¶ 338, 342. The District produced the interview score sheets for candidates for these positions. The District eventually hired Parker Paine (22) and Meghan Mastrioanni (23). *Id.* at ¶ 343. Susan Kazmieczak testified that Schreiber performed poorly, as compared to the other candidates. Schreiber was not strong in discussing her past teaching experiences, in stating that she disliked paperwork, in discussing effective use of assessments with kindergarten students, and in explaining how she would nurture

15

kindergarten students. *Id.* at ¶¶ 357, 371-375. The interviewers also made notations that Mastroianni was "young" and "energetic," and that she and Paine were recent graduates. (EC FNo. 65 at ¶¶ 157-161). Other than Susan Kazmieczak, the remaining interviewers could not recall specific reasons for why they assigned certain scores to either Schreiber or the hired candidates.

The District states that Schreiber was not hired for either of the kindergarten positions because she did not score well in her interview. As analyzed above, performance scores in an interview may be used to proffer a legitimate non-discriminatory reason. In addition to deposition testimony, the District has produced interview score sheets from Schreiber's and other candidates' interviews. This evidence supports the District's stated legitimate non-discriminatory reason for its hiring decisions.

As to pretext, Schreiber has presented that the District hired two individuals, each of whom was approximately twenty years younger, to fill the kindergarten teacher positions. The District has conceded that Schreiber was qualified for those positions. As noted above, evidence of younger comparators being hired is sufficient to establish a basis for a jury question on the issue. Further, the interviewer's notes included ageist notations for the eventual hires, which raise animus and credibility issues. Accordingly, Schreiber has produced sufficient evidence from which a reasonable juror could find that the District's proffered reasons are pretextual. Therefore, the District's Motion for Summary Judgment, as regards the two 2016/2017 kindergarten positions, will be denied.

As regards Schreiber's retaliation claim for the 2016/2017 school year, the Court's conclusions, regarding the District's proffered legitimate non-discriminatory reasons and Schreiber's pretext evidence for the discrimination claim, apply to her retaliation claim as well.

Schreiber has presented sufficient evidence that a reasonable jury could conclude that the District's proffered reasons are a pretext for retaliation concerning the two kindergarten positions for the 2016/2017 school year. Accordingly, the District's Motion for Summary Judgment, as regards the retaliation claims for the 2016/2017 school year will be denied.

**D. Fourth EEOC Charge and 2017/2018 School Year**

As regards her fourth EEOC charge, Schreiber alleges that she applied for a reading specialist position on July 7, 2017, and that she was interviewed for the position on July 24, 2017. (ECF No. 64 at ¶¶ 411-412). The District hired Kelsey Halackna (30), for that reading specialist position. Id. at ¶ 425. Ms. Halackna had been a teacher in the District for the preceding seven years. Id. One of the interviewers, Christopher Caton, testified that Ms. Halackna demonstrated the highest level of knowledge and instruction towards early reading. Id. at ¶ 434. Mr. Caton testified that Ms. Schreiber's responses were vague and conveyed her inadequate understanding of phonics. Id. at ¶ 438. Ms. Schreiber also told the interviewers that she wanted the position because it was a closer drive to her home. Id. at ¶ 438. The District contends that Kelsey Halackna (30) was hired for the reading specialist position because she was an internal candidate and had been employed by the District for Seven (7) years. Schreiber has not argued that this reason was pretexual. Therefore, the District's Motion for Summary Judgement, relative to the 2017/2018 reading specialist position, will be granted. Her discrimination claims, relative to the reading specialist position, will be dismissed.

On August 7, 2017, the District also interviewed Schreiber for two available elementary teaching positions. Id. at ¶ 414. As regards the elementary school teaching positions, the District hired Katie Wilson (26) and Abigail DePace (24). (ECF No. 65 at ¶ 163). Katie Wilson had been displaced from another school in the District. (ECF No. 64 at ¶¶ 455, 466). Abigail

17

DePace had a been a student teacher in the District. *Id.* at ¶ 467. None of the decision makers, five elementary school principals, could recall specific reasons or bases for recommending either of the successful candidates for the two elementary teacher positions. (ECF No. 65 at ¶¶ 172-190). Katie Wilson did not participate in the same interview process as Schreiber and DePace, because it was a practice of the District to select displaced teachers before interviewing external candidates. (ECF No. 66-10 at p. 52). Schreiber has produced no evidence to specifically rebut Ms. Wilson's placement into one of the open elementary teaching positions. Accordingly, the District's Motion for Summary Judgment, as regards the elementary school position filled by Ms. Wilson, will be granted. Schreiber's discrimination claim for the position filled by Ms. Wilson will be dismissed.

As regards Schreiber's retaliation claims for the 2017/2018 school years, the Court's conclusions, regarding the District's proffered legitimate non-discriminatory reasons and the Plaintiff's pretext evidence, apply to her retaliation claims as well. As noted above, Schreiber cannot rebut the legitimate reasons for which Katie Wilson was hired. Accordingly, the District's Motion for Summary Judgment, as regards her retaliation claims, concerning the position for which Ms. Wilson was hired for the 2017/2018 school year will be granted.

As regards the other elementary teacher position, Ms. DePace (24) ranked very highly following the interview process. The District argues that it determined other applicants were better candidates for the positions. The District produced interview scores to support its position. As analyzed above, performance scores in an interview may be used to proffer a legitimate non-discriminatory reason. However, Schreiber argues pretext in that because none of the decision makers, five elementary school principals, could recall specific reasons or bases for recommending Ms. DePace for the open elementary teaching position, there are credibility

issues. (ECF No. 65 at 172-190). See *Marconi*, 104 F. Supp. 3d at 701. The District also contends that it hired Ms. DePace over Schreiber because she had student taught in the District and was seen an as "internal" candidate. With regard to the District's legitimate non-discriminatory reasons, courts have considered the hiring of internal candidates as sufficient. *See Roberts v. Mercy Catholic Med. Ctr.*, No. CV 16-1894, 2019 WL 1773379 (E.D. Pa. Apr. 23, 2019); *Royster v. Laurel Highlands Sch. Dist.*, 994 F. Supp. 2d 701 (W.D. Pa.), aff'd, 595 F. App'x 105 (3d Cir. 2014); *Johnson v. Rose Tree Media Sch. Dist.*, No. CIV.A.06-3761, 2008 WL 4442662 (E.D. Pa. Sept. 30, 2008). Whether or not Ms. DePace was an internal candidate presents a jury question. Also, the age disparity between Ms. DePace and Ms. Schreiber is an issue germane to pretext. Given the potential credibility issues, a reasonable juror could find pretext in the District's reasons for its hiring decision. Therefore, the District's Motion for Summary Judgment, as regards the elementary position filled by Ms. DePace for the 2017/2018 school year, is denied.

As regards Schreiber's retaliation claim for the position for which Ms. DePace was hired, Schreiber has presented sufficient evidence that a reasonable jury could conclude that the District's proffered reasons are a pretext for retaliation. The District's Motion for Summary Judgment, as regards the retaliation claim, concerning the position for which Ms. DePace was hired for the 2017/2018 school year, will be denied.

## IV. Conclusion

Therefore, Defendant, Moon Area School District's, Motion for Summary Judgment is granted in part and denied in part. An appropriate order will follow consistent with this Opinion.

BY THE COURT:

Marilyn J. Horan  7/23/19
Marilyn J. Horan
United States District Judge